UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL D. LOPES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD BORLA,<br><br>　　　　Defendant. | No.  2:24-cv-0161-CKD-DAD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION<br><br>(Doc. No. 7) |

　　　　Petitioner Manuel D. Lopes is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 28, 2024, the assigned magistrate judge issued findings and recommendations recommending that the pending petition (Doc. No. 1) be dismissed for lack of jurisdiction.  (Doc. No. 11.)  Specifically, the findings and recommendations concluded that the pending petition is a second or successive petition and that petitioner has not first obtained leave from the Ninth Circuit Court of Appeals to proceed with such a petition as is required.  (*Id.* at 1–2.)

　　　　Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id.* at

1

2.) On March 8, 2024, the court received petitioner's timely objections to the findings and recommendations. (Doc. No. 8.) Respondent filed no response to those objections.

In his objections, petitioner acknowledges that he has not as yet obtained authorization from the Ninth Circuit Court of Appeals to file a successive petition. Petitioner instead requests a certificate of appealability due to the complexity of his habeas claims. Though this argument does not object to the findings of the magistrate judge as to this petition, the court notes that this decision does not bar the petitioner from seeking authorization from the Ninth Circuit Court of Appeals to file a successive habeas petition.

As the assigned magistrate judge correctly explained (Doc. No. 7 at 1–2), even if a petitioner qualifies for one of the exceptions to the general bar against second or successive federal habeas petitions, the petitioner "must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)). Moreover, prior authorization by the court of appeals is a jurisdictional requisite. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("We conclude . . . that because the 2002 petition is a 'second or successive' petition that [the petitioner] did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."); *Brown v. Muniz,* 889 F.3d 661, 667 (9th Cir. 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it."); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (same). Therefore, this court lacks jurisdiction to consider that petition unless and until such authorization is obtained.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36

(2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).  Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But "[w]here a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Because the petitioner's pending application is clearly barred on jurisdictional grounds, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 28, 2024 (Doc. No. 7) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is dismissed for lack of jurisdiction because it is an unauthorized second or successive petition;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE